Filed 1/8/15  P. v. Terrell CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B251601 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA379758) |
| v. | |
| KEISHON TERRELL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Craig R. Richman, Judge.  Affirmed as modified.

Roberta Simon, under appointment of the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Chung Mar and Jessica C. Owen, Deputy Attorneys General for Plaintiff and Respondent.

_____

Appellant Keishon Terrell was convicted, following a jury trial, of one count of willful, deliberate and premeditated attempted murder in violation of Penal Code[1] sections 664 and 187, subdivision (a). The jury found true the allegation that in the commission of the offense a principal personally used a handgun, personally and intentionally discharged a handgun, and personally and intentionally discharged a handgun causing great bodily injury within the meaning of section 12022.53, subdivisions (b) through (e)(1). The jury also found true the allegation that the offense was committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C).

The trial court sentenced appellant to a term of 15 years to life in prison for the attempted murder pursuant to section 186.22, subdivision (b), plus a 25-year-to-life enhancement term pursuant to section 12022.53, subdivisions (d) and (e)(1). The court imposed but stayed, a 10-year gang enhancement term pursuant to section 654. The court awarded appellant a total of 1087 days of presentence custody credit.

Appellant appeals from the judgment of conviction, contending the trial court erred in imposing a minimum term of 15 years for the life sentence for the attempted murder conviction. Appellant also contends he is entitled to two additional days of custody credit. Respondent agrees with both contentions, as do we. We modify appellant's sentence and custody credits, as set forth in more detail in the disposition. The judgment is otherwise affirmed.

Facts

On January 5, 2011, appellant drove a Range Rover into Rollin 40s gang territory. Codefendant Marquise Turley was a passenger in the vehicle. Both men were members of the Black P Stones gang, which is a rival of the Rollin 40s gang. Someone in the vehicle shot Marcus Flagg as he walked down the street. Flagg was not in a gang, but he associated with gang members.

---

[1] Further section references are to the Penal Code unless otherwise specified.

Discussion

1. Attempted murder sentence

Appellant contends the trial court erred in imposing a minimum term of 15 years for his life sentence for the attempted murder as well as a term of 25 years to life for the firearm enhancement. He contends that the two enhancements may only be imposed when the jury has found that the defendant personally used a firearm, and no such finding was made here. Appellant is correct.

Section 12022.53, subdivision (e)(2) provides, "An enhancement for participation in a criminal street gang . . . shall not be imposed on a person in addition to an enhancement imposed pursuant to this subdivision unless the person personally used or personally discharged a firearm in the commission of the offense."

The jury in this case found only that a principal personally used and personally discharged a firearm. Thus, appellant was not subject to the 15-year minimum term provided in section 186.22, subdivision (b). (*People v. Valenzuela* (2011) 199 Cal.App.4th 1214, 1238.) The 15-year minimum must be stayed. (*Ibid.*) Appellant is subject only to a life term with a minimum term of seven years for the attempted murder conviction.


2. Custody credit

The trial court awarded appellant 946 days of actual custody and 141 days of conduct credit, for a total of 1087 days. Appellant contends he is entitled to credit for one additional day of actual custody and one additional day of conduct credit for a total of 1089 days. He is correct.

A defendant is entitled to credit from the day he is processed into jail through the date of sentencing. (§ 2900.5, subds. (a), (d); *People v. Ravaux* (2006) 142 Cal.App.4th 914, 919-921.)

Appellant was arrested and taken into custody on January 6, 2011. He was sentenced on August 9, 2013. He spent 360 actual days in custody in 2011, 366 days in

3

actual custody in leap year 2012 and 221 days in actual custody in 2012, for a total of 947 days of actual custody.

Appellant's conduct credits were limited to 15 percent. (§ 2933.1.) Fifteen percent of 947 is 142.

Disposition

The judgment is modified to stay imposition of the 15-year minimum parole eligibility term pursuant to section 186.22, subdivision (b). The judgment is also modified to award appellant 947 days of actual custody credit and 142 days of conduct credit for a total of 1089 days of presentence conduct credit. The clerk of the superior court is instructed to prepare an amended abstract of conviction reflecting these modifications, and to deliver a copy to the Department of Corrections and Rehabilitation. The judgment is affirmed in all other respects.

NOT TO PUBLISHED IN THE OFFICIAL REPORTS.

GOODMAN, J.[*]

We concur:

TURNER, P. J.

KRIEGLER, J.

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.